IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WILLIE R. CHILDS                                                                                    PLAINTIFF

v.                                    Civil No. 02-1150

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                             DEFENDANT

## MEMORANDUM AND ORDER

**Factual and Procedural Background:**

      Willie Childs, the plaintiff in this case, has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his applications for disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*, and § 1602 of Title XVI, *42 U.S.C. § 1381a,* respectively.

      Both parties have filed appeal briefs (Doc. #14, 15 & 22). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g).*

      The history of the administrative proceedings is contained in the respective appeal briefs and will not be recounted here except as necessary. However, it should be noted additional evidence was submitted for the court's consideration in conjunction with a Motion to Remand, filed on March 26, 2003 (Doc. #12 & 13). The defendant responded to the motion in her appeal brief (Doc. #15). On December 1, 2003, the undersigned granted the plaintiff's motion and remanded this matter to the Commissioner for the consideration of additional

evidence pursuant to sentence six, *42 U.S.C. §405(g)* (Doc. #16).

Plaintiff protectively filed his applications on October 5, 2000 (T. 65-68, 162-164). The Social Security Administration denied plaintiff's applications initially and on reconsideration. He then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on May 8, 2002 (T. 29-47, 220-238). The ALJ rendered an unfavorable decision on July 24, 2002 (T. 12-16, 210-214). By Order entered August 21, 2002, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 4-5), thus making the ALJ's decision the final decision of the Commissioner. As has been mentioned, the plaintiff sought judicial review of that decision, and his Motion to Remand for the consideration of additional evidence was granted.

The supplemental hearing was held on May 6, 2004 (T. 279-292). Plaintiff was 54 years of age at the time of the supplemental administrative hearing and has a high school education (T. 280, 222). He has worked in the past as a log loader and a stack machine operator (T. 283, 223). Plaintiff has not worked since 1998, when he was either terminated from his job (T. 224), or laid off (284). He collected unemployment benefits for approximately two years (T. 33, 285, 224). On July 4, 2000, he reportedly was injured when a bottle rocket hit him in the right eye (T. 33). He claims disability due to: right eye blindness; left eye glaucoma; cataracts; vision problems with the left eye; headaches; Hepatitis C; and, diminished depth perception. He protectively filed his applications on October 5, 2000 (65-68, 162-164). The record was left open for 30 days for the receipt of additional evidence, which evidence was received on July 7, 2004 (T. 258-276).

The ALJ's second decision, rendered October 26, 2004, contained the following

relevant findings: the plaintiff met the disability insured status requirements of the Act as of his alleged onset date, and for purposed of DIB, continued to meet them only through December 31, 2003; he has not engaged in substantial gainful activity since the date the disability was alleged to have commenced; the record establishes that the plaintiff has been treated for blindness in the right eye and glaucoma in the left eye, however, he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4; plaintiff's subjective complaints are not borne out by the overall record nor found to be fully credible; plaintiff retains a residual functional capacity (hereinafter "RFC") reflecting no exertional or postural limitation, although he is blind in the right eye and unable to read small print. The ALJ further found that the plaintiff's vision in the left eye is 20/30, his restrictions preclude work from heights, around moving machinery and, tasks requiring balance and depth perception; plaintiff cannot perform his past relevant work; and, vocational expert testimony established that plaintiff could perform work as a dining room attendant, janitor housekeeper and patch worker (T. 201). Accordingly, the ALJ found that plaintiff was under no "disability," as defined in the Act, at any time through the date of the decision (T. 201).

On March 30, 2005, the plaintiff submitted further additional evidence to the Appeals Council (T. 175-191). Finally, on October 11, 2005, the Appeals Council entered an Order refusing to assume jurisdiction, although acknowledging the receipt and consideration of the additional evidence (T. 173-174), thus making the ALJ's October 26, 2004 decision the final decision for purposes of our review. This matter is now ready for consideration..

AO72A
(Rev. 8/82)

**Applicable Law:**

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.2002)*. Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.2003)*. As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari, 258 F.3d 742, 747 (8th Cir.2001)*. In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir.2000)*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted or can be expected to last at least one year or result in death, and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)*. The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *42 U.S.C. §§ 423(d)(3), 1382c(3)(C)*. A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See *20 C.F.R. § § 404.1520(a)-(f)(2003)*. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. See *McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C .F.R. § § 404.1520, 416.920 (2003)*.

Further, the ALJ may discredit subjective complaints which are inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir.1993). The law on this issue is clear. Under *Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir.1984), "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala*, 45 F.3d 1190, 1193 (8th Cir.1995); *see also Baker v. Sec. of HHS, 955 F.2d 552, 555 (8th Cir.1992)*. The absence of an objective medical basis which supports the subjective complaints of pain is just one factor to be considered in evaluating the credibility of a plaintiff's subjective complaints of pain. *Polaski v Heckler, 751 F.2d 943, 948 (8th Cir.1984); see also, Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir.1995)*. The ALJ must "discuss" these factors in the hearing decision. *Herbert v. Heckler*,

AO72A
(Rev. 8/82)

*783 F.2d 128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943, 948-950 (8th Cir.1984))*. Consideration must also be given to all the evidence presented related to the claimant's prior work history, and the observations of non-medical third parties, as well as treating and examining physicians related to the above matters. *20 C.F.R. § 416.929; Social Security Ruling 96-7p; Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984)*(subsequent history omitted).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, *739 F.2d at 1322*.

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen*, *830 F.2d 878, 882 (8th Cir.1987)*. The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, *862 F.2d 176, 179 (8th Cir.1988)*.

Implicit in the ALJ's task of making a credibility determination is the requirement that he "discuss" the *Polaski* factors. *Herbert v. Heckler*, *783 F.2d at 130* (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan*, 939 F.2d 560, 565 (8th Cir.1991) ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, 783 F.2d at 131 (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988).* Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§200.00(e).*

Residual functional capacity is what a plaintiff can do despite his limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of his limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995); 20 C.F.R. §§416.945(a).*

When a plaintiff suffers from exertional and nonexertional impairments, as asserted here, and the exertional impairments alone do not warrant a finding of disability, the ALJ must consider the extent to which the nonexertional impairments further diminish the plaintiff's work capacity. *Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir.1988).* If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational

Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Id.* That is to say, "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Id. at 349-50.* The United States Court of Appeals for the Eighth Circuit has explained as follows:

> In this context, "significant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

*Id. at 350.* See also, *Holz v. Apfel, 191 F.3d 945, 947 (8th Cir.1999); Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir.1997); Lucy v. Chater, 113 F.3d 905, 908 (8th Cir.1997).*

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. We then have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See *Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992).* At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994).* However, once it is clear that the Appeals Council considered the new evidence, then we must

-8-

factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had they been available at the initial hearing. *Flynn v. Chater, 107 F.3d 617, 622 (8th Cir.1997)*. Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.; Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1995)*.

**Discussion:**

In this matter, the plaintiff avers remand is appropriate because he meets the listing for his visual impairment, specifically, *20 C.F.R. Part 404, Subpart P, Appendix 1, § 2.04*. Plaintiff also argues that the ALJ should have consulted a medical expert in making his determination. Unfortunately, this matter has been remanded previously, to consider the additional evidence submitted with respect to the plaintiff's glaucoma and reported visual field loss, nonetheless, the record remains devoid of a residual functional capacity assessment from a treating or examining physician with respect to plaintiff's visual status.

The listing reads, as follows:

2.02 *Impairment of visual acuity.* Remaining vision the better eye after best correction is 20/200 or less.

2.03 *Contraction of peripheral visual fields in the better eye.*

A. To 10 [degrees] or less from the point of fixation; or

B. So the widest diameter subtends an angle no greater than 20 [degrees]; or

C. To 20 percent or less visual filed efficiency.

2.04 *Loss of visual efficiency.* The visual efficiency of the better eye after best correction is 20 percent or less. (The percent of remaining visual efficiency is equal to the product of the percent of remaining visual acuity efficiency and the percent of remaining visual field efficiency).

AO72A
(Rev. 8/82)

*20 C.F.R. Subpart P, Appendix 1 §§ 2.01-2.04.*

To add to the problem, as has been mentioned, additional evidence was again submitted to the Appeals Council, after the second administrative decision was rendered. We find that this case must be remanded to the Commissioner for further development or the record, as the undersigned cannot determine if the decision of the ALJ, with respect to plaintiff's residual functional capacity, is supported by substantial evidence or not, based upon the record in its present posture.

The ALJ has a duty to fully and fairly develop the record, even when plaintiff is represented by counsel. *Battles v. Shalala, 36 F.3d 43,44 (8th Cir. 1994)*, citing *Boyd v. Sullivan 960 F.2d 733,736 (8th Cir. 1992)* and *Warner v. Heckler, 722 F.2d 428, 431 (8th Cir. 1983)*. The ALJ's duty to develop the record is based upon the premise that the ALJ hearing is not an adversarial proceeding, rather an administrative hearing where the goals of the Commissioner and the advocates should be the same, i.e. "deserving claimants who apply for benefits receive justice." *Battles, supra.*, citing *Sears v. Bowen, 840 F.2d 394, 402 (7th Cir. 1988)*. There is no bright line test for determining when the Commissioner has failed to develop the record. The determination in each case must be made on a case by case basis. *Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1052 (6th Cir. 1983)*; See *Battles, id*. Further, in considering this issue, the inquiry is whether plaintiff was prejudiced or treated unfairly by how the ALJ did or did not develop the record; absent unfairness or prejudice, remand is not warranted. *Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir.1993)*, citing *Phelan v. Bowen, 846 F.2d 478, 481 (8th Cir.1988)*.

The ALJ found that plaintiff possesses an RFC that reflects no exertional or postural

AO72A
(Rev. 8/82)

limitation, is blind in the right eye and unable to read small print, and environmental restrictions preclude work from unprotected heights, around moving machinery and task requiring balance. Further, the ALJ found that the plaintiff experiences limitations regarding depth perception in the left eye and has 20/30 vision (T. 200).[1]

Because the ALJ determined that plaintiff was unable to return to his past relevant work, the burden shifted to the Commissioner to show that plaintiff was able to engage in work in the national economy. *Harris v. Shalala*, 45 F.3d at 1194. This analysis may be accomplished by resorting to the medical-vocational guidelines unless nonexertional impairments are present which "significantly diminish the claimant's residual functional capacity to preform the full range of activities listed in the Guidelines." *Id.*

The additional evidence submitted to the Appeals Council consists of data from plaintiff's visits to the Veterans Affairs Hospital dated September 3, 2004 through February 1, 2005 (T. 175). It is extremely difficult to determine the plaintiff's diagnoses and, more importantly, the measurements as to visual acuity and visual field efficiency. The regulations on this issue are precise, yet complicated. No doctor interprets the acronyms utilized by the VA doctors, nor does any doctor interpret the visual condition in anything approaching layman's terms.

Accordingly, the undersigned concludes that absence of the medical findings referenced above would prejudice the plaintiff. Said records/findings/opinions should be obtained and considered by the ALJ in making a decision on his application for benefits. Due to the absence

---

[1] However, the administrative record also contains evidence that the plaintiff's visual acuity was measured at 20/40 (T. 273, 186), and 20/50 (T. 187).

of such, it is unknown what, if any effect the information contained in the most recent VA records would have had on the ALJ's decision. Although benefit of those records may not change the decision of the ALJ, they should be considered in order to avoid prejudice to the plaintiff.

Although diligently attempted, the undersigned confesses an inability to analyze and interpret the raw data of the various eye exams included in the record. Again, this data is not interpreted or analyzed by a medical professional, as to properly inform the Court of the meaning or significance, if any, of these test results. Further, the absence in the record of interpretations of the tests renders the record incomplete. *See Pratts v. Chater, 94 F.3d 34, 37 (8th Cir. 1996)* (remand ordered because, in part, physicians testimony was only partially transcribed). Upon remand, the Court also suggests that an analysis, interpretation and evaluation of eye tests be included in the record. Specifically, the significance of the opthalmology tests, and the meaning thereof, should be obtained from either plaintiff's treating specialist, by a state agency physician, or both.

The United States Court of Appeals for the Eighth Circuit has observed:

We recognize the difficulties which come from the type of hearing often necessitated in social security cases where much of the medical evidence is submitted in report form. Written medical reports seldom provide a medical witness the opportunity to fully develop the overall physical or mental condition of a claimant and therefore the evidence is sometimes cryptic and without sufficient detail or opinion for a trier of fact to be able to reach a fair conclusion.[2]

---

[2]It might be advisable for the Commissioner to submit a short set of interrogatories to examining physicians which will require the physician not only to explain and summarize the pulmonary test results and set forth his full detailed opinion as to the extent of disability, if any, but also whether, in his opinion, the claimant is disabled from pursuing substantial gainful activity or, in a widow's case, any gainful activity within the relevant time period of disability.

AO72A
(Rev. 8/82)

> Although the law recognizes that written medical reports are admissible in social security hearings and may be the sole basis for substantial evidence to support a social security determination[9] agency adjudicators and courts cannot ignore their inadequacies. Experience within our adversary trial system has long demonstrated that naked conclusions and opinions of medical experts are often subject to reserved and unwritten qualifications requiring searching evaluation. Medical diagnosis is seldom an exact science. However, since expediency is deemed an important consideration in processing social security claims[10] the Secretary and reviewing court must closely scrutinize the evidence to avoid miscarriages of justice. For the right to disability payments is a significant one to the applicant; it may well constitute the only ray of hope left to him.

*Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir.1974).

We believe this to be a situation in which interrogatories to the treating specialist would be extremely beneficial to the comprehension of the claimant's condition. And, as the Eighth Circuit opined:

> [If it was] felt it was important that the medical evidence specifically focus on the [Commissioner's] "Listing of Impairments," fairness required that he submit the interrogatories designed for this purpose to the claimant's physician as well.[11] We have made it clear that the ALJ "is in the peculiar position of acting as an adjudicator while also being charged with developing the facts." *Landess v. Weinberger, supra* at 1189. He or she "has a duty to fairly and fully develop the matters at issue." *Id.* Accordingly, it was incumbent on the ALJ to give both

---

We note Health, Education and Welfare medical advisors utilize forms in giving their opinions. (footnote in original).

[9]See *Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).* (footnote in original).

[10]See *Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).* (footnote in original)

[11] This Court has previously suggested that (i)t might be advisable for the Secretary to submit a short set of interrogatories to examining physicians which will require the physician not only to set forth his full detailed opinion as to the extent of disability but also whether in his opinion the claimant was disabled from pursuing substantial gainful activity or, in a widow's case, any gainful activity within the relevant time period of disability. *Landess v. Weinberger, 490 F.2d at 1189 n. 2.* (footnote in original)

AO72A
(Rev. 8/82)

side's doctors an opportunity to specifically address the key question at issue. (footnote omitted).

*Woodard v. Schweiker, 668 F.2d 370, 374 (8th Cir. 1981).*

It is well settled that it is the duty of the ALJ to develop the record so that these test results could be understood both by the ALJ and by a reviewing court. *See Battles v. Shalala, 36 F.3d 43, 44 (8th Cir. 1994) (quoting Warner v. Heckler, 722 F.2d 428, 431 (8th Cir. 1983)*(because an administrative hearing is not an adversarial proceeding, the ALJ has the duty to develop the record fully and fairly even if the claimant is represented by counsel).

Further the absence of an interpretation, in the record, of the specific tests mentioned above renders the record incomplete. *See Pratts v. Chater*, *94 F.3d 3437 (8th Cir. 1996)*(remand ordered because, in part, physician's testimony was only partially transcribed).

The undersigned is unable to adequately determine if substantial evidence supports the ALJ's finding with respect to plaintiff's disability.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision denying benefits to the plaintiff is not supported by substantial evidence and should be reversed. We further conclude that this matter should be remanded to the Commissioner for reconsideration, to include a more thorough analysis and discussion of plaintiff's test results, and it is strongly recommended that at the very least, a medical expert be utilized.

ENTERED this 6th day of September, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)